```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF GEORGIA
                         AUGUSTA DIVISION
```

| | | |
|---|---|---|
| ALLAYAH - LAMARA: GREEN, | * | |
| Plaintiff, | * | |
| v. | * | CV 122-157 |
| SYNCHRONY CARD ISSUANCE TRUST, | * | |
| Defendant. | * | |

# O R D E R

Before the Court are several motions: Defendant Synchrony Bank's[1] motion to dismiss (Doc. 8), Plaintiff's motion for leave to amend her Complaint[2] (Doc. 14), Defendant's motion to dismiss the Amended Complaint (Doc. 17), and Plaintiff's motion to dismiss Defendant's motion to dismiss (Doc. 19). For the following reasons, Defendant's motion to dismiss (Doc. 8) is **GRANTED**, Plaintiff's motion for leave to amend (Doc. 14) is **DENIED**, Defendant's motion to dismiss the Amended Complaint (Doc. 17) is **DENIED AS MOOT** and Plaintiff's motion to dismiss (Doc. 19) is **DENIED AS MOOT**.

---

[1] Plaintiff misidentified Defendant as "Synchrony Card Issuance Trust." (See Doc. 8, at 2.)
[2] As discussed below, the Court construes Plaintiff's Amended Complaint as containing a motion for leave to file an amended complaint.

# I. BACKGROUND

Plaintiff, proceeding *pro se*, filed the present action on December 21, 2022. (*See* Doc. 1.) Plaintiff brings various claims against Defendant stemming from an outstanding balance on Plaintiff's "ROOMS TO GO/SYNCHRONY BANK account." (*Id.* at 4-5, 32-45.) Plaintiff received various notices regarding her outstanding balance, and her claims arise from receipt of these notices. (*See id.* at 32-45.)

On November 26, 2022, Plaintiff sent Defendant a document by certified mail, titled "Affidavit of Fact and Conditional Acceptance," (the "Affidavit") in which Plaintiff demanded "proof" of the outstanding balance owed to Defendant. (*Id.* at 10-11.) The Affidavit stated in part:

> [r]eceipt of this [Affidavit] requires a response as acquiescence will be your answer to all statements, questions, and self-executing contracts, if respondents fail to provide a written response in the form of a point for point, rebuttal Affidavit. . . . You will be given a total of ten (10) days to reply. If a counter affidavit is not received in the allotted time, then the administrative process shall proceed. Only your acknowledgment or agreement of the truth shall be accepted. Any other communication will be viewed as a nonresponse and shall cause [a] default judg[]ment.

(*Id.* at 11.) According to Plaintiff's Complaint, "[D]efendant failed to provide proof of claim and is now in default." (*Id.* at 4.) On December 13, 2022, Plaintiff sent Defendant another document titled "Notice of Default Opp[o]rtunity to Cure," which stated that Defendant "defaulted" by not responding to the

2

Affidavit with a "Counter Affidavit," and purported to give Defendant three additional days "to deliver a rebuttal or cure this situation before further legal actions are commenced." (Id. at 28-29.) On December 21, 2022, Plaintiff filed the present Complaint seeking damages she alleges Defendant agreed to pay her "by not responding to the [Affidavit]." (Id. at 5.)

On February 15, 2023, Defendant filed a motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). (See Doc. 8.) On March 1, 2023, Plaintiff responded in opposition to the motion to dismiss and filed an Amended Complaint. (Docs. 9, 14.) Defendant subsequently moved to dismiss the Amended Complaint, and Plaintiff responded in opposition. (Docs. 17, 18.) On April 10, 2023, Plaintiff filed a motion seeking dismissal of Defendant's motion to dismiss. (Doc. 19.)

## II. DISCUSSION

The Court first addresses whether Plaintiff's Amended Complaint was proper, followed by Defendant's motions to dismiss.

### A. Plaintiff's Motion to Amend (Doc. 14)

On March 1, 2023, Plaintiff filed an Amended Complaint, which Defendant subsequently moved to dismiss. (Docs. 14, 17.) Under Federal Rule of Civil Procedure 15(a)(1)(A), a party may amend her pleading once as a matter of course within twenty-one days after service. Thereafter, a party may amend a pleading "only with the

3

opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff filed her Amended Complaint more than twenty-one days after service and did not obtain Defendant's consent, so she was required to obtain the Court's leave to amend her Complaint. Plaintiff did not seek leave of the Court before filing her Amended Complaint, therefore it was improperly filed.

However, Plaintiff is proceeding *pro se*, and "the Eleventh Circuit has specifically held that *pro se* litigants should be held to a less stringent standard with respect to their right to amend a complaint, even despite a failure to move for amendment." Rhymer v. Clayton Cnty. Sheriff's Off., No. 1:22-cv-2616, 2023 WL 1971319, at *3 (N.D. Ga. Feb. 13, 2023) (citing Lee v. Alachua Cnty., 461 F. App'x 859, 860 (11th Cir. 2012)) (internal quotations omitted and alternation adopted). Therefore, the Court will construe Plaintiff's Amended Complaint as containing a motion for leave to file an amended complaint.

As a general rule, leave to amend under Rule 15(a) is given freely. Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (per curiam) (citing Fed. R. Civ. P. 15(a)). "Courts are generally required to afford a *pro se* plaintiff an opportunity to amend a pleading where a more carefully drafted complaint might state a claim, unless the plaintiff expresses a desire not to amend or an amendment would be futile." Rhymer, 2023 WL 1971319, at *3 (internal quotations and citation omitted). "Leave to amend a

complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Id. (internal quotations omitted) (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)).

The Court finds that leave to amend should be denied here because amendment would be futile. Plaintiff's Amended Complaint is nearly identical to her original Complaint and premised upon the same misapprehension[3] - that a contract was somehow formed when Defendant failed to respond to her Affidavit.[4] (Doc. 14, at 6; Doc. 18, at 2.) As discussed more fully below, there is no indication that Defendant agreed to the terms of the Affidavit and no contract was formed between the Parties. As such, amendment would be futile; therefore, Plaintiff's motion for leave to amend (Doc. 14) is **DENIED** and Defendant's motion to Plaintiff's Amended Complaint (Doc. 17) is **DENIED AS MOOT**.

Plaintiff also moves to dismiss Defendant's motion to dismiss the Amended Complaint. (See Doc. 19.) In its entirety, Plaintiff's motion reads "Plaintiff is filing a motion to dismiss

---

[3] In response to Defendant's motion to dismiss her Amended Complaint, Plaintiff states "[Defendant] failed to provide the evidence that the Plaintiff did in fact owe the debt that was alleged and proceeded to harass the Plaintiff for a debt that was not validated. The Defendant agreed to the terms of the [Affidavit] by not responding in the nature outlined in the self-executing contract." (Doc. 18, at 2.)

[4] Plaintiff asserts that Defendant failed to respond to the Affidavit, while Defendant asserts that it did respond, "declin[ed] to sign [the] Affidavit," and expressly rejected Plaintiff's attempt "to modify the terms of the agreement or [their] relationship." (Doc. 14, at 6; Doc. 17, at 7.) Regardless of whether Defendant failed to respond to the Affidavit or expressly rejected it, the outcome is the same because Defendant never agreed to the Affidavit's terms.

5

the [D]efendant's motion to dismiss filed on March 27[], 2023. The Plaintiff has provided proof of mailing and the Defendant has been notified of this filing." (Id.) Because Plaintiff's original Complaint is the operative pleading, the Court **DENIES AS MOOT** Plaintiff's motion to dismiss. (Doc. 19.)

**B. Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 8)**

As for Defendant's motion to dismiss Plaintiff's Complaint, it moves for dismissal under Rule 12(b)(6) for two reasons; first, because "Plaintiff's Complaint fails to satisfy the rudimentary pleading requirements of Rule 8(a)," and second, because "the Complaint does not contain the necessary factual allegations to allow [the] claims to survive." (Doc. 8, at 4-5.)

The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b). See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); see also Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."). The Eleventh Circuit recognizes four types of shotgun pleadings: first is a pleading "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before . . . ."

6

Weiland, 792 F.3d at 1321. The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type is a pleading that does not separate each claim into a separate count. Id. at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." Id. at 1323. The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading, meanwhile allowing the Court to determine whether plaintiff has stated a claim for which relief can be granted. See id. at 1320.

Here, Plaintiff's Complaint falls within the second type of shotgun pleading as it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and fails to put Defendant on notice of the nature of the claims against it. See id. at 1322. Plaintiff alleges only legal conclusions and has not alleged which facts, if any, support her various claims for relief. For example, Plaintiff states "[t]he Defendant is extorting the Plaintiff" and "conducting business beyond the scope of its corporate powers and is attempting to bind the Plaintiff to an unconscionable contract." (Doc. 1, at 5.) However, such "vague allegations and legal conclusions are

7

not sufficient to suggest the required elements of her claims and do not nudge her right to relief above the speculative level, even under the most liberal construction." Khader v. Suntrust Mort., No. 1:15-cv-4112, 2016 WL 11575917, at *2 (N.D. Ga. July 27, 2016) (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 544, 555 (2007)).

Typically, when a party files a shotgun pleading, the Eleventh Circuit instructs district courts to strike the pleading and direct that a new complaint be filed. Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357-58 (11th Cir. 2018) (citation omitted). However, "[i]n light of Plaintiff's *pro se* status, the Court will consider the merits of the Complaint rather than dismiss it and require Plaintiff to replead." Butticaz v. JPMorgan Chase, Nat'l Ass'n, No. 1-11-cv-2483, 2011 WL 6296589, at *2 (N.D. Ga. Dec. 15, 2011).

When addressing a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts in the complaint as true and construe all reasonable inferences therefrom in the light most favorable to the plaintiff. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Moreover, the Court affords a liberal construction to a document filed *pro se*, and a *pro se* complaint must be held to less stringent standards than

formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Here, Plaintiff's claims are premised upon an alleged contract formed when Defendant failed to respond to the Affidavit. (See Doc. 1, at 4-5.) In her Complaint, Plaintiff states she "provided the Defendant with an [Affidavit] to continue making payments on an account that the Defendant alleged belonged to the Plaintiff [and] [t]he [D]efendant failed to provide proof of claim and is now in default." (Id. at 4.) Plaintiff asserts that as a result, Defendant "agreed" to pay her $182,674.90,[5] which she now seeks. (Id. at 4-5.) The Court finds that Plaintiff failed to state a claim for relief and her Complaint must be dismissed.

"In Georgia, to constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." Bazemore v. Jefferson Cap. Sys., LLC, 827 F.3d 1325, 1330 (11th Cir. 2016) (citing O.C.G.A. § 13-3-1) (internal quotations omitted and alteration adopted). Here, there is no indication that Defendant agreed to the terms contained in the Affidavit and no contract was

---

[5] Plaintiff seeks $100,000 for "defamation of character, pain and suffering, and for harassment, anxiety and mental anguish, distress, discomfort, document gathering, and possible special court appearances"; $10,000 for "the times the Defendant contacted the Plaintiff thorough means other than Certified or Registered mail"; three times the alleged debt of $7,558.30, for a total of $22,674.9; and $50,000 "for reporting a balance owed, late payments, and derogatory marks to each the credit reporting agencies before the debt was validated and proof of claim was provided." (Doc. 1, at 4-5.)

9

formed between the Parties. As such, Plaintiff's claims, which are premised upon the existence of a contract created by the Affidavit, cannot survive a motion to dismiss and the Court **GRANTS** Defendant's motion. (Doc. 8.)

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend (Doc. 14) is **DENIED**, Defendant's motion to dismiss the Amended Complaint (Doc. 17) is **DENIED AS MOOT**, Defendant's motion to dismiss (Doc. 8) is **GRANTED**, and Plaintiff's motion to dismiss (Doc. 19) is **DENIED AS MOOT**. The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of June, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA